UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 2:16-cv-302-JVB |
| | ) | (arising out of 2:08-cr-97-JVB-APR) |
| MICHAEL LEE MOKOL, JR. | ) | |

**OPINION AND ORDER**

Defendant Michael Lee Mokol, Jr., moves pro se for relief under 28 U.S.C. § 2255, in response to the Supreme Court's holding in *Johnson v. United States*. For the reasons below, this Court denies Defendant's motion for § 2255 relief. Additionally, attorney Kerry C. Connor's motion to withdraw is granted.[1]

**A.    Overview of the Case**

After a jury convicted Defendant of being a felon in possession of firearms and ammunition, this Court sentenced Defendant to 262 months' imprisonment. (DE 129.) This Court also found that Defendant was an armed career criminal under the Armed Career Criminal Act (the "ACCA"), 18 U.S.C. § 924(e)(2)(B). The ACCA provided for a mandatory minimum fifteen-year sentence for Defendant's crimes because Defendant had three previous convictions for a "violent felony." 18 U.S.C. § 924(e)(1). A felony is violent if it "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "elements clause"). 18 U.S.C. § 924(e)(2)(B)(i). Alternatively, the felony could "involve[] conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. §

---

[1] Ms. Connor was appointed to represent Defendant after he filed his § 2255 motion. (DE 158.)

1

924(e)(2)(B)(ii). Recently, however, the Supreme Court declared the residual clause unconstitutionally vague. *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015) ("[I]mposing an increased sentence under the residual clause . . . violates the Constitution's guarantee of due process."). The elements clause, however was not "call[ed] into question." *Id*. Defendant then timely filed his § 2255 motion to force a *Johnson* review of his sentence.

**B.  Standard of Review**

A defendant in federal custody may launch a collateral attack on his sentence by arguing "that the sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). A defendant who seeks relief under § 2255 is entitled to a hearing, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). However, "[a] § 2255 motion is not a substitute for direct appeal." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). Failure to raise an issue in a direct appeal will generally preclude the defendant from raising it in a § 2255 motion unless he can show "both good cause for the failure to raise the claims on direct appeal and actual prejudice from the failure to raise those claims, or [that] a refusal to consider the issue would lead to a fundamental miscarriage of justice." *Id*. Additionally, if a Supreme Court opinion appears to render a previously valid sentence invalid (such as by declaring unconstitutional a statute used to enhance a sentence), the defendant has one year from the date of that opinion to raise the new issue. 28 U.S.C. § 2255(f)(3).

**C.  Analysis**

Defendant claims that the Supreme Court declared unconstitutional the statutory basis for

his enhanced sentence. His claim, however, depends on an interpretation of the Indiana robbery statute that Indiana courts have rejected. He also argues that his robbery convictions should not have been counted as three separate violent felonies, but this argument should have been raised in a direct appeal and is therefore waived.

**(1)     Indiana Robbery Remains a Violent Felony**

Defendant had three previous convictions for Indiana robbery, which is the "knowing[] or intentional[] tak[ing of] property from another person or from the presence of another person: (1) by using or threatening the use of force on any person; or (2) by putting any person in fear." Ind. Code § 35-42-5-1(a). Defendant insists that, because of the "fear" clause, Indiana robbery could only qualify as a violent felony under the now-unconstitutional residual clause.

(a)     *The "Fear" that Indiana Courts Require Satisfies the Elements Clause*

The Seventh Circuit, in *United States v. Duncan*, 833 F.3d 751 (7th Cir. 2016), rejected the exact argument Defendant advances. In *Duncan*, the defendant had three prior convictions for Indiana robbery. *Id*. at 753. The court examined state case law and found that Indiana courts interpreted "putting any person in fear" as threatening physical injury. *Id*. at 756; *see also Rickert v. State*, 876 N.E.2d 1139, 1141 (Ind. Ct. App. 2007) ("Fear of bodily injury or personal harm in the case of noncompliance with the robber's demands is required to support a conviction requiring a person be put in fear."). On that basis, the court held that Indiana robbery remains a violent felony under the ACCA's "still-valid elements clause." *Id*. at 752. Defendant may dispute this interpretation of "fear," but that battle does not belong here, for this Court must defer to a state court's interpretation of its own laws. *See Johnson v. United States*, 559 U.S. 133, 138

3

(2010) ("We are . . . bound by the Florida Supreme Court's interpretation of state law.").

Defendant first attempts to bypass *Duncan* by arguing that "his prior convictions for Indiana robbery were not held to be ACCA predicates under" *Duncan*. (DE 156 at 5.) Had the *Duncan* opinion consisted of a single word—"Affirmed"—this argument might have merit. Instead, the Seventh Circuit held that Indiana robberies in general are violent felonies, and this Court must follow that holding. Next, Defendant notes that the Fourth Circuit held that a North Carolina robbery was not a violent felony. *United States v. Gardner*, 823 F.3d 793, 804 (4th Cir. 2016). Yet, this is because a North Carolina robbery can be committed with only minimal force, which does not satisfy the elements clause. *Id*. at 804. Robberies under Indiana and North Carolina law are thus different, and this Court cannot impose a North Carolina court's interpretation of its own laws onto an Indiana statute. *Cf. United States v. McNeal*, 818 F.3d 141, 153 (4th Cir. 2016) ("[A] State is entitled to define its crimes as it sees fit."); *see also United States v. Presley*, 52 F.3d 64, 69 (4th Cir. 1995) ("[B]ecause robbery in Virginia has as an element the use or threatened use of force, [the defendant's] robbery convictions were properly used as predicates under ACCA."). Lastly, Defendant contends he "was not convicted in 2016, under" *Duncan*. (DE 156 at 5.) But this argument fails because the Indiana robbery statute has not changed in any relevant respect since its enactment.[2] Simply put, *Duncan* controls.

(b)     *Both Alternative Means of Committing Indiana Robbery Satisfy the Elements Test*

Next, Defendant argues that the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016), changed how courts examine criminal statutes that provide multiple methods

---

[2] The Indiana General Assembly amended the statute in 2013 to change the felony categories from classes to levels (e.g., "Class C" to "Level 5"), 2013 Ind. Acts 158 § 450, and again in 2017 to create a separate penalty for robberies against pharmacists. 2017 Ind. Acts 202 § 25.

4

of violating it, only some of which would constitute a violent felony. Prior to *Mathis*, courts faced with this situation could look to other documents to determine which version of the crime the defendant committed and whether that version counted as a violent felony. *Shepard v. United States*, 544 U.S.13, 26 (2005). In *Mathis*, the Supreme Court created a distinction between alternative elements and alternative means. *Mathis*, 136 S. Ct. at 2256. If the statute lists alternative elements, then courts will still apply a *Shepard* analysis.[3] *Id*. But if the statute lists alternative means, then *Mathis* will not allow the conviction to qualify as a violent felony when "some but not all" of those means would qualify.[4] *Id*. at 2250. On the other hand, if each of the means would qualify, the conviction qualifies. *United States v. Edwards*, 836 F.3d 831, 835 (7th Cir. 2016) ("If the statutory definition is the same as (or narrower than) the Guidelines definition, the prior conviction can be counted as a crime of violence.") (applying *Mathis*).[5]

Here, *Mathis* does not save Defendant because, as explained above, an Indiana robbery committed "by putting any person in fear" necessarily involves a threatened use of force. *See Rickert*, 876 N.E.2d at 1141. In other words, every alternative means of committing Indiana robbery constitutes a violent felony. *See Duncan*, 833 F.3d at 755 ("[A]ny conviction under [the] Indiana [robbery statute] qualifies as a crime of violence under the elements clause and is thus a violent felony."). Defendant also cites multiple post-*Mathis* cases, but none of them involve Indiana robbery. (*See* DE 156 at 13–14.) Moreover, he neglects to mention that *Duncan* was also

---

[3] An example of an "alternative elements" statute would be: "One who steals property through deception commits a felony, but one who steals property by using force commits an aggravated felony." Here, the statute creates two separate crimes. *See id*. ("If statutory alternatives carry different punishments, then . . . they must be elements.").
[4] An example of an "alternative means" statute would be: "One who steals property, whether through deception or force, commits a felony." Here, the statute creates a single crime that can be committed in multiple ways. *See id*. ("[I]f a statutory list is drafted to offer 'illustrative examples,' then it includes only a crime's means of commission.").
[5] This decision analyzed the Sentencing Guidelines, rather than the ACCA. However, the two are identical in all relevant respects, so any analysis for one can be applied to the other. *See Duncan*, 833 F.3d at 754 ("The elements clauses of the ACCA definition and the Guideline definition are identical, so they have been interpreted to cover the same scope.").

5

a post-*Mathis* case. As it stands, Indiana robbery remains a violent felony.

(c) *This Court Cannot Consider the Facts of Defendant's Robberies*

Next, Defendant argues that because his robberies were "clearly a conviction [on the basis of] an aiding and abetting theory . . . [he] did not commit . . . acts which constitute" violent felonies. (DE 17–18.) This argument might have held water had Indiana imposed a lighter sentence for mere accomplices, but under Indiana law, one who "knowingly or intentionally aids, induces, or causes another person to commit an offense commits that offense." Ind. § 35-41-2-4. Put another way, Indiana decided to punish the accomplice as if he were the actual perpetrator. This Court must respect that decision and thus cannot distinguish between the two. *Cf. United States v. Groce*, 999 F.2d 1189, 1191–92 (7th Cir. 1993) (rejecting the defendant's argument that he was a mere 'party to a crime' because "both federal law and . . . state law punish an aider and abettor as a principal."). *See also Gonzales v. Duenas-Alvarez*, 549 U.S 183, 189 (2007) ("The question before us is whether one who aids or abets a theft falls, like a principal, within the scope of this generic definition. We conclude that he does.").

Defendant also insists the underlying facts of the robberies show they were not violent felonies, noting that he "did not participate in the active crime . . . [and] remained secluded in locations nearby." (DE 148 at 21.) But this argument requires looking into the facts of his conviction, a practice the Supreme Court has rejected at virtually every opportunity. *See e.g. Mathis*, 136 S. Ct. at 2255 ("Accordingly, *Descamps* made clear that when the Court had earlier said (and said and said) "elements," it meant just that and nothing else."). This Court can only look to the elements of Indiana robbery, which, any way you slice it, is a violent felony.

**(2)    Defendant Waived His "Only One Robbery" Argument**

Lastly, Defendant argues that this Court erred in considering his three robbery convictions as separate crimes for ACCA purposes. However, this ground for relief has been available since well before Defendant's conviction. *See e.g. United States v. Cardenas*, 217 F.3d 491, 492 (7th Cir. 2000) (discussing whether three drug sales were "separate and distinct criminal episode[s]"). Defendant could have raised this issue in his direct appeal, but instead raised only "trial procedure issues." *See United States v. Mokol*, 646 F.3d 479, 481 (7th Cir. 2011). He does not explain why he could not have made this argument before the Seventh Circuit at that time. Thus, he has waived this argument. *Prewitt*, 83 F.3d at 816.

**(3)    This Court Declines to Issue a Certificate of Appealability**

Having denied Defendant's § 2255 motion, this Court must now decide whether to issue a certificate of appealability under Rule 11(a) of the Rules Governing Section 2255 Proceedings. To be entitled to a certificate of appealability, Defendant must "ma[ke] a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and "must demonstrate that reasonable jurists would find [this Court's] assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, the Seventh Circuit in *Duncan* answered the precise question Defendant raised in his § 2255 motion. Because this Court simply followed *Duncan*, and because Defendant failed to distinguish that case, no reasonable jurist would find this Court's assessment of his constitutional claims debatable or wrong. Likewise, this Court finds that Defendant is not entitled to a hearing. *See* 28 U.S.C. § 2255(b) (no hearing required when "the motion and the files and records of the case conclusively show that [Defendant] is entitled to no relief"). This Court thus denies a certificate of appealability.

**(4) Ms. Conner's Motion to Withdraw Is Granted**

After Defendant filed his § 2255 motion, he filed a motion to appoint counsel. (DE 149.) This Court granted the motion and ordered the attorney who would appear for Defendant to either file a brief or "move to withdraw after analysis of this matter." (DE 157.) Attorney Kerry C. Connor filed her appearance shortly thereafter. (DE 158.) However, after researching the issues raised in Defendant's § 2255 motion and monitoring the evolving post-*Johnson* landscape, she found a "lack of development of a legal basis for further arguments" and concluded that she was "not in a position to offer further assistance to" Defendant. (DE 174.) She thus moved to withdraw from the case. (*Id.*) This Court grants that motion.

**D. Conclusion**

*Duncan* has effectively disposed of Defendant's *Johnson* challenge, and his remaining arguments either lack merit or have been waived. Accordingly, Defendant's motion for § 2255 relief is DENIED. Additionally, this Court DENIES a certificate of appealability.

Ms. Connor's motion to withdraw is GRANTED. Ms. Connor is ordered withdrawn from this case.

SO ORDERED on August 2, 2019.

 S/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE